UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24388-CV-SCOLA
(17-20537-CR-SCOLA)
MAGISTRATE JUDGE REID

KELVIN STEVE MEJIA,

     Movant

v.

UNITED STATES OF AMERICA,

     Respondent

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [ECF 1]. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF 2].

Movant, **Kelvin Steve Mejia**, is a prisoner currently incarcerated in Estill Federal Correctional Institution and serving a sentence of 180 months' imprisonment following his guilty plea to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of Brandishing a Firearm in Furtherance of a Crime of

Violence, in violation of 18 U.S.C. § 924(c)(1)(A), in **Case No. 17-20537-CR-SCOLA**, brought in the United States District Court for the Southern District of Florida.

On October 21, 2019, Movant filed the instant Motion to Vacate, challenging the constitutionality of his conviction and claiming that his conviction for Brandishing a Firearm in Furtherance of a Crime of Violence conviction should be invalidated because Hobbs Act Conspiracy no longer qualifies as a crime of violence and may no longer serve as the predicate for that offense. [ECF 1].

After careful consideration, and as further discussed below, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF 1] be **DENIED**. The Undersigned recommends denial because Movant's predicate conviction for his 18 U.S.C. § 924(c) firearm offense was substantive Hobbs Act robbery, not conspiracy.

## II.    Discussion

A.    <u>Standard of Review of Section 2255 Motions</u>

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack

on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro, supra*.).

B.    Analysis of Movant's Claim

The Motion to Vacate contains one claim: "[i]n light of the Supreme Court's decision in *Johnson*[1], Hobbs Act Conspiracy no longer qualifies a "Crime of

---

[1] It appears that Movant meant to cite *Davis v. United States*, 588 U.S. ___, 139 S. Ct. 2319, 2336 (2019), which recently invalidated the § 924(c)(3)(B) "residual clause." *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), was decided before Movant's criminal case, and held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was invalid.

The Court has the obligation to liberally construe Movant's *pro se* pleading, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and construing this case to raise a *Johnson* claim would mean that Movant would not be entitled to relief because his Motion would be procedurally defaulted

Violence" within the meaning of § 924(c), and therefore, may not serve as a predicate for that offense. As such, Movant's conviction under § 924(c) is based upon the unconstitutionally vague residual clause of that statute and must be **VACATED**." [ECF 1 p. 4] (emphasis in original).

As an introductory matter, 18 U.S.C. § 924(c) provides for separate additional consequences if a person uses or carries a firearm during and in relation to a crime of violence or possesses a firearm in furtherance of such crimes. *See* 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is later defined in two subparts, § 924(c)(3)(A), colloquially known as the "elements clause," and § 924(c)(3)(B), the "residual clause."

On June 24, 2019, the Supreme Court of the United States held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. *See United States v. Davis*, 588 U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019). However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id*.

Here, Movant pleaded guilty to Hobbs Act robbery and Brandishing a Firearm in Furtherance of a Crime of Violence. [CR-ECF 19]. "Hobbs Act robbery … qualifies as a crime of violence under [the elements clause,] § 924(c)(3)(A)." *United*

---

because a *Johnson* claim was available but was never raised on direct appeal, *see Murray v. Carrier*, 477 U.S. 478, 490-92 (1986), untimely because it was filed more than one year after Movant's conviction became final, *see* 28 U.S.C. § 2255(f)(1), and because Movant was not convicted under the Armed Career Criminal Act's "violent felony" statute, 18 U.S.C. § 924(e)(1), implicated in *Johnson*.

*States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019). *Davis* does not apply to Movant's conviction, because Movant pleaded guilty to Hobbs Act robbery, which qualifies as a crime of violence pursuant to the elements clause, 18 U.S.C. § 924(c)(3)(A), as opposed to the now unconstitutionally vague residual clause, § 924(c)(3)(B). *See id*; *see also In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) ("using, carrying, and discharging a firearm during the Hobbs Act robbery … meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A).").

Movant's claim that conspiracy to commit Hobbs Act robbery is the predicate crime to his § 924(c) charge is incorrect. In Movant's Indictment, the § 924(c) charge in Count 2 specifically refers to the Count 1 Hobbs Act robbery as the predicate offense [CR-ECF 1]. When pleading guilty to Count 2, the § 924(c)(1)(A)(ii) "brandishing" violation, Movant admitted in his Factual Proffer that he "pulled out a firearm, pointed it at the cashier, and demanded money from the register." [CR-ECF 19 p. 1]. "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, … in order to intimidate that person." 18 U.S.C. § 924(c)(4). Thus, Movant "brandished" a firearm during the Hobbs Act robbery, which qualifies categorically as a crime of violence. *See St. Hubert*, 903 F.3d at 351; *see also St. Fleur*, 824 F.3d at 1341. Movant's claim that the predicate crime was conspiracy to

6

commit Hobbs Act robbery is baseless and should be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Proceedings, Rule 8.

### III.    Recommendation

Based on the above, it is **RECOMMENDED** that Movant's Motion to Vacate [ECF 1] be **DENIED**.

Objections to this Report and Recommendation may be filed with the District Court Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). *See also Booth v. Allen*, 758 F. App'x 899, 900-01 (*per curiam*) (citing *Thomas v. Arn,* 474 U.S. 140, 149 (1985)).

**SIGNED** this 25th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Kelvin Steve Mejia**
        16378-104
        Estill
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 699
        Estill, SC 29918
        *PRO SE*

        **Noticing 2255 US Attorney**
        Email: usafls-2255@usdoj.gov