United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kelvin Steve Mejia, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 19-24388-Civ-Scola |
| | ) |
| United States of America, Respondent. | ) |

**Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-02 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On November 25, 2019, Judge Reid issued a report, recommending that the Court deny the motion to vacate, set aside, or correct sentence and dismiss the case. (Report of Magistrate, ECF No. 3.) The Petitioner has filed objections to the report. (ECF No. 4.)

Kelvin Steve Mejia moves to vacate his sentence on the basis that recent Supreme Court precedent invalidates his conviction. Specifically, he argues that it invalidates his conviction for brandishing a firearm in furtherance of a crime of violence because the United States Supreme Court found part of the firearm statute defining "crime of violence," 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague. *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019). However, a Hobbs Act robbery, the predicate offense for his conviction for brandishing a firearm, qualifies as a crime of violence under the elements clause of § 924(c)(3)(A), rather than the unconstitutionally vague residual clause of § 924(c)(3)(B). *See Davenport v. United States*, __ Fed. App'x __, 2019 WL 6896688 (11th Cir. Dec. 18, 2019) ("binding precedent in this Circuit holds that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and therefore his appeal [which challenges his conviction under *Davis*] lacks merit."). Mejia's objection that a Hobbs Act robbery is not a crime of violence under the elements clause is mistaken and contradicted by binding Eleventh Circuit precedent. *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (Hobbs Act robbery qualifies as a crime of violence under elements clause). Therefore, Mejia's motion to vacate his sentence must be denied.

The Court has considered Judge Reid's report, the Petitioner's objections, the record, and the relevant legal authorities. The Court finds Judge Reid's report and recommendation cogent and compelling. The Court **affirms and**

**adopts** Judge Reid's report and recommendation (ECF No. 3). The Court **denies** the motion to vacate sentence (ECF No. 1). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on January 3, 2020.

_____
Robert N. Scola, Jr.
United States District Judge